IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN JOSEPH FORD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:11-CV-887-TMH |
| | )                    [WO] |
| CHRIS HALL, ECSO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on October 17, 2011. At the time he filed this suit, Plaintiff was incarcerated at the Elmore County Jail located in Wetumpka, Alabama. On November 28, 2011 the court entered an order of procedure. Plaintiff's copy of this order was returned to the court on December 1, 2011 marked as undeliverable because Plaintiff is no longer at the service address he provided to the court when he filed the captioned action.

All parties have an affirmative duty to inform the court of any change of address during the pendency of their cases. Accordingly, on December 1, 2011 the court entered an order directing Plaintiff to provide the court with his present address on or before December 15, 2011. (*Doc. No. 18*.) Plaintiff was cautioned that his failure to comply with the court's December 1 order would result in a recommendation that this complaint be dismissed. (*Id*.) Plaintiff's copy of the court's December 1 order was returned to the court on December 15, 2011 marked as undeliverable. As it appears clear that Plaintiff is no longer residing at the

most recent service address he provided to the court and that he has not provided this court with a new address for service, the undersigned concludes that dismissal of the complaint is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **January 18, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of January 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE